UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEANNE STEINFELD, )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>DONNA GULLETTE and )<br>MEIJER STORES LIMITED PARTNERSHIP, )<br>    Defendants. ) | 1:04-cv-1750-LJM-WTL |

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This cause is now before the Court on defendants', Donna Gullette ("Gullette") and Meijer Stores Limited Partnership ("Meijer"), Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), the claims brought against them by plaintiff, Jeanne Steinfeld ("Steinfeld"). Gullette and Meijer (collectively "Defendants") contend that dismissal is warranted in this case because Steinfeld has failed to comply with the Case Management Plan, approved on February 1, 2005. Meijer also asserts in a separate motion that Steinfeld is unable to meet her burden of proving causally related damages.

For the reasons set forth herein, the Court **DENIES** Defendants' motions to dismiss.

### I. BACKGROUND

According to Steinfeld's complaint, on September 26, 2002, Gullette drove a Smart Shopper electric motorized cart into the person of Steinfeld. Compl., ¶ 11. Meijer provided the cart for its customers' use. Compl., ¶ 6. Steinfeld filed a complaint, seeking to recover damages for injuries caused by the alleged negligence of Gullette and Meijer. Compl., ¶ 16-17. On October 26, 2004,

the cause was removed to this Court. On January 27, 2005, the parties presented a Case Management Plan ("CMP") to Magistrate Judge William T. Lawrence ("Magistrate Judge"). On February 1, 2005, the CMP was approved as submitted.

The CMP included a paragraph ordering Steinfeld to serve a statement of special damages and to make a settlement demand by March 25, 2005. Joint Proposed Case Mgmt. Plan, 3. On October 18, 2005, Gullette filed her first motion to continue the settlement conference ("conference") because Steinfeld had failed to serve a statement of special damages and make a settlement demand. The motion was granted, and the Magistrate Judge rescheduled the conference for January 23, 2005. On January 17, 2006, Gullette filed her second motion to continue the conference for the same reason. Again, the Magistrate Judge granted the motion and rescheduled the conference for February 24, 2006. On February 2, 2006, Meijer filed a motion to continue the conference because, among other things, Steinfeld had failed to serve a statement of special damages and settlement demand. The Magistrate Judge granted the motion, and rescheduled the conference for March 20, 2006. Finally, on March 13, 2006, Gullette filed her third motion to continue the conference because Steinfeld had still not served a statement of damages and made a settlement demand. The Magistrate Judge granted the motion, and did not reschedule the conference.

## II.  STANDARD

Rule 41(b) provides, in part: "For failure of the plaintiff to prosecute, or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) acts as an adjudication on the merits. *Id.* Dismissal is warranted when a party persistently fails to comply with discovery and

scheduling orders. *See Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997) (citing *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 285 (7th Cir. 1988)). Consequently, a court must find a record of delay or contumacious behavior by a party to warrant dismissal. *See Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001). Moreover, before dismissing a case for not complying with a court order, a court must expressly warn a party that its case may be dismissed for such failure. *See Beyer v. Cormier*, 1035 F.3d 1039, 1041 (7th Cir. 2000).

### III.  DISCUSSION

Gullette filed the pending motion to dismiss for Steinfeld's failure to comply with the CMP by not serving a statement of special damages and making a settlement demand. Meijer, while joining Gullette's motion to dismiss, has made a separate motion to dismiss on the grounds that Steinfeld allegedly admitted her "inability to provide an itemization of her claimed medical expenses," and that, if Steinfeld cannot provide such information, she will be unable to meet her burden of proving casually related damages. Def. Meijer's Mot. Dismiss, ¶¶ 1-2.

#### A.  STEINFELD'S FAILURE TO COMPLY WITH THE CMP

Steinfeld defends her failure to comply with the CMP by asserting that before she can provide the requested information, she must wait to receive subrogation lien information from Medicare, who insured Steinfeld at the time of the incident in September 2002. Pl.'s Resp., ¶¶ 2-6. Medicare is apparently in the process of transferring its contractors to a new system, and has encountered increased delay in responding to Steinfeld's request to provide the amount of money Medicare has paid medical providers as a result of the incident in September 2002. *Id.* at ¶ 7. According to

Steinfeld, she has been requesting the lien information for over one year. *Id.* at ¶ 4. Steinfeld claims to need the information before she can both serve a statement of special damages and make a settlement demand. *Id.* at ¶ 3. Steinfeld submitted a copy of an April 18, 2006, letter from Medicare indicating that Medicare was still in the process of transferring its contractors. Pl.'s Resp., Ex. A.

The Court agrees with Steinfeld that the lack of subrogation lien information justifies her failure to make a settlement demand. In a suit to recover damages for personal injury, the amount of money paid for medical treatment is certainly a figure one would want to consider when making a settlement demand. Moreover, Gullette apparently admits the same, stating that "Medicare's lien information may influence what sum of money Plaintiff would be willing to accept to resolve this case." Def. Gullette's Reply, ¶ 3.

Moreover, Medicare's delay also justifies Steinfeld's failure to serve a statement of special damages. The amount of money paid by Medicare to medical providers for treatment given to Steinfeld is information Steinfeld must have in order to make a specific and accurate statement of special damages. While the Court agrees that Steinfeld's medical bills "are what they are," Def. Gullette's Reply, ¶ 4, her actual special damages will be assessed in light of the money paid by Medicare to Steinfeld's providers. Thus, dismissal of this case now is inappropriate.

Nonetheless, Defendants are entitled to have an estimate of their potential liability in this case. Therefore, the Court finds that Steinfeld shall disclose to Defendants on or before July 7, 2006, all medical bills in her possession that involve the September 2002, accident. Further, Steinfeld shall serve a statement of special damages and make a settlement demand no later than thirty (30) days after receiving the subrogation lien information from Medicare. Parties shall contact the Court once the statement of special damages and settlement demand have been served so that the court may

make appropriate changes to the current CMP deadlines.

### B. STEINFELD'S ALLEGED INABILITY TO PROVIDE CLAIMED MEDICAL EXPENSES.

Meijer asserts that Steinfeld, in a discovery response, admitted that she is unable to provide an itemization of her claimed medical expenses and, therefore, Steinfeld cannot meet her burden of proving casually related damages. Def. Meijer's Mot. Dismiss, ¶ 1-2. However, Meijer has failed to attach an exhibit to its motion to prove such an admission occurred. Therefore, the Court cannot grant Meijer's motion to dismiss.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss are hereby **DENIED**.

IT IS SO ORDERED this 15th day of June, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

John H. Brooke
BROOKE MAWHORR PC
jbrooke@brookemawhorr.com

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

John Martin DeCastro
COLLIGNON & DIETRICK PC
jdecastro@cdattorneys.com

Deanna A. Dean-Webster
DEAN-WEBSTER & WRIGHT LLP
ddean@dwwlegal.com

Leslie Michelle Horn
BROOKE MAWHORR, PC
lhorn@brookemawhorr.com